# EXHIBIT 3

**Enrolled Copy**                                                                                                       **H.B. 40**

## NOTICE OF INTENT TO SELL NONPUBLIC PERSONAL INFORMATION

2003 GENERAL SESSION

STATE OF UTAH

### Sponsor:  Douglas C. Aagard

Eric K. Hutchings

**This act modifies the Commerce and Trade title to enact the Notice of Intent to Sell Nonpublic Personal Information Act.  This act defines terms, requires a notice be given by a commercial entity under certain circumstances, and establishes the liability of a commercial entity for violating the act.  This act takes effect on January 1, 2004.**

This act affects sections of Utah Code Annotated 1953 as follows:

ENACTS:

**13-37-101**, Utah Code Annotated 1953

**13-37-102**, Utah Code Annotated 1953

**13-37-201**, Utah Code Annotated 1953

**13-37-202**, Utah Code Annotated 1953

**13-37-203**, Utah Code Annotated 1953

*Be it enacted by the Legislature of the state of Utah:*

Section 1.  Section **13-37-101** is enacted to read:

### CHAPTER 37.  NOTICE OF INTENT TO SELL NONPUBLIC PERSONAL INFORMATION ACT

#### Part 1.  General Provisions

**13-37-101.  Title.**

This chapter is known as the "Notice of Intent to Sell Nonpublic Personal Information Act."

Section 2.  Section **13-37-102** is enacted to read:

**13-37-102.  Definitions.**

As used in this chapter:

(1)  "Affiliate" means a person that controls, is controlled by, or is under common

control with:

 (a)  a commercial entity; and

 (b) (i)  directly; or

 (ii)  indirectly through one or more intermediaries.

 (2) (a)  Subject to Subsection (2)(b), "commercial entity" means a person that:

 (i)  has an office or other place of business located in the state; and

 (ii)  in the ordinary course of business transacts a consumer transaction in this state.

 (b)  "Commercial entity" does not include:

 (i)  a governmental entity; or

 (ii)  an entity providing services on behalf of a governmental entity.

 (3)  "Compensation" means anything of economic value that is paid or transferred to a commercial entity for or in direct consideration of the disclosure of nonpublic personal information.

 (4) (a)  "Consumer transaction" means:

 (i)  a sale, lease, assignment, award by chance, or other written or oral transfer or disposition:

 (A)  that is initiated or completed in this state; and

 (B)  of:

 (I)  goods;

 (II)  services; or

 (III)  other tangible or intangible property, except securities and insurance or services related thereto; or

 (ii)  a transaction:

 (A)  that is initiated or completed in this state; and

 (B)  that constitutes credit offered or extended by a commercial entity to a person primarily for personal, family, or household purposes.

 (b)  "Consumer transaction" includes:

 (i)  the use of nonpublic personal information in relation to a transaction with a person if

**Enrolled Copy**                                                                                             **H.B. 40**

the transaction is for primarily personal, family, or household purposes; and

  (ii)  with respect to any transaction described in Subsection (4)(a):

 (A)  an offer or solicitation;

 (B)  an agreement;

 (C)  the performance of an agreement; or

 (D)  a charitable solicitation as defined in Section 13-11-3.

 (c) "Consumer transaction" does not include a transaction related to real property.

 (5) (a)  "Nonpublic personal information" means information that:

 (i)  is not public information; and

 (ii)  either alone or in conjunction with public information, identifies a person in distinction from other persons.

 (b)  "Nonpublic personal information" includes:

 (i)  a person's Social Security number;

 (ii)  information used to determine a person's credit worthiness including a person's:

 (A)  income; or

 (B)  employment history;

 (iii)  the purchasing patterns of a person; or

 (iv)  the personal preferences of a person.

 (6)  "Public information" means a person's:

 (a)  name;

 (b)  telephone number; or

 (c)  street address.

 (7) (a)  Subject to Subsection (7)(b), "third party" means a person other than the commercial entity that obtains nonpublic personal information.

 (b)  "Third party" does not include an affiliate or agent of the commercial entity that obtains nonpublic personal information.

 Section 3.  Section **13-37-201** is enacted to read:

**Part 2.  Notice of Disclosure**

**13-37-201.  Required notice.**

(1) (a)  In accordance with this section, a commercial entity shall provide the notice described in this section to a person if:

(i)  the commercial entity enters into a consumer transaction with that person;

(ii)  as a result of the consumer transaction described in this Subsection (1)(a), the commercial entity obtains nonpublic personal information concerning that person; and

(iii)  the commercial entity intends to or wants the ability to disclose the nonpublic personal information:

(A)  to a third party; and

(B)  for compensation; and

(iv)  the compensation described in Subsection (1)(a)(iii)(B):

(A)  is the primary consideration for the commercial entity disclosing the nonpublic personal information;

(B)  is directly related to the commercial entity disclosing the nonpublic personal information; and

(C)  is not compensation received by the commercial entity in consideration of a transaction described in Subsection (5).

(b)  For purposes of this chapter, a commercial entity is considered to have obtained information as a result of a consumer transaction if:

(i)  the person provides the information to the commercial entity:

(A)  at any time during the consumer transaction; and

(B)  at the request of the commercial entity; or

(ii) (A)  the commercial entity otherwise obtains the information; and

(B)  but for the consumer transaction, the commercial entity would not obtain the information.

(2)  The notice required by Subsection (1) shall be given before the earlier of:

(a)  the point at which the person is requested to provide the nonpublic personal information; or

(b)  the commercial entity otherwise obtains the nonpublic personal information as a result of the consumer transaction described in Subsection (1)(a).

(3)  The notice required by Subsection (1):

(a)  shall read substantially as follows:  "We may choose to disclose nonpublic personal information about you, the consumer, to a third party for compensation.";

(b)  may be made:

(i)  orally, if the consumer transaction itself is entirely conducted orally; or

(ii)  in writing, if the notice is written in dark bold; and

(c)  shall be sufficiently conspicuous so that a reasonable person would perceive the notice before providing the nonpublic personal information.

(4)  This chapter does not apply to:

(a)  a commercial entity that is subject to a federal law or regulation that governs the disclosure of nonpublic information to a third party; or

(b)  a covered entity as defined in 45 C.F.R. Parts 160 and 164.

(5)  Notwithstanding the other provisions of this section, a commercial entity is not required to provide notice under this section if:

(a)  the disclosure of the nonpublic personal information is related to the third party providing to the commercial entity:

(i)  services, including business outsource services;

(ii)  personal or real property; or

(iii)  other thing of value; and

(b)  compensation received by the commercial entity as part of the transaction is received by the commercial entity for or in consideration of the transaction described in Subsection (5)(a).

Section 4.  Section **13-37-202** is enacted to read:

**13-37-202.  Disclosure of nonpublic personal information prohibited without notice.**

(1)  A commercial entity may not disclose nonpublic personal information that the commercial entity obtained on or after January 1, 2004, as a result of a consumer transaction if the commercial entity fails to comply with Section 13-37-201.

(2)  This chapter may not be interpreted as authorizing a commercial entity to disclose nonpublic personal information to a greater extent than the commercial entity is otherwise permitted to disclose nonpublic personal information.

Section 5.  Section **13-37-203** is enacted to read:

**13-37-203.  Liability.**

(1)  A person may bring an action against a commercial entity in a court of competent jurisdiction in this state if:

(a)  the commercial entity enters into a consumer transaction with that person;

(b)  as a result of the consumer transaction described in Subsection (1)(a), the commercial entity obtains nonpublic personal information concerning that person; and

(c)  the commercial entity violates this chapter.

(2)  In an action brought under Subsection (1), a commercial entity that violates this chapter is liable to the person who brings the action for:

(a)  $500 for each time the commercial entity fails to provide the notice required by this section in relation to the nonpublic personal information of the person who brings the action; and

(b)  court costs.

(3)  A person may not bring a class action under this chapter.

Section 6.  **Effective date.**

This act takes effect on January 1, 2004.