Kristen C. Rodriguez (Admitted Pro Hac Vice)
Rebecca Hughes Parker (Admitted Pro Hac Vice)
**Dentons US LLP**
1221 Avenue of the Americas
New York, NY 10020
Tel.: (212) 768-6700
Fax: (212) 768-6800
kristen.rodriguez@dentons.com
rebeccahughes.parker@dentons.com

J. Mark Gibb (5702)
**Dentons Durham Jones Pinegar, PC**
111 South Main Street, Suite 2400
Salt Lake City, Utah 84111
Tel.: (801) 415-3000
Fax: (801) 415-3500
mark.gibb@dentons.com

*Attorneys for Dotdash Meredith, Inc. f/k/a Dotdash Media, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| NOVELLA ATWOOD; CHRISTINE CID; CHERALEE ENGLAND; KATHLEEN GAGON; KRISTEN PUERTAS; JANICE RANDALL; and SARAH TYCHSEN, individually and on behalf of all others similarly situated,<br><br>                        Plaintiffs,<br><br>vs.<br><br>DOTDASH MEREDITH INC. f/k/a DOTDASH MEDIA INC.,<br><br>                        Defendant. | **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Case No. 1:24-cv-00046-TC-DAO<br><br>Judge Tena Campbell<br><br>**ORAL ARGUMENT REQUESTED** |

Plaintiffs' Opposition ("Opp.") to DDM's Motion to Dismiss ("MTD") makes clear that the First Amended Complaint ("FAC") is merely a recitation of the elements of a claim for violation of NISNPIA[1] in search of facts to substantiate that claim—facts about whether their personal information was disclosed, when any such disclosure occurred, and even whether DDM is a "commercial entity" subject to NISNPIA at all. Plaintiffs assert they may be able to uncover such facts through discovery, but that is not how a federal lawsuit works. Plaintiffs must plead *facts* that support a plausible claim for relief in order to survive the MTD because "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

This Court also lacks jurisdiction over Plaintiffs' claims altogether. The bare statutory violation Plaintiffs allege is insufficient to establish a concrete injury traceable to DDM. Further, because NISNPIA expressly prohibits class actions, the class allegations must be dismissed and there is no federal jurisdiction under the Class Action Fairness Act. Plaintiffs' Opposition on these points relies almost entirely on non-binding decisions in a single case in this District, but those decisions are contrary to authoritative Supreme Court and Tenth Circuit precedent. The FAC should be dismissed in its entirety under Rules 12(b)(1) and 12(b)(6).

## I.     Plaintiffs Concede They Lack Facts That Are Necessary To State A Claim.

Plaintiffs concede that they have filed suit without pleading actual facts plausibly indicating that DDM is a commercial entity subject to NISNPIA or that DDM disclosed their private information in violation of NISNPIA within the statute of limitations.

---

[1] Notice of Intent to Sell Nonpublic Personal Information Act, Utah Code § 13-37-101, *et seq*.

### A. Plaintiffs Do Not Allege Any Facts Plausibly Showing That DDM Is A "Commercial Entity" Subject To NISNPIA.

NISNPIA defines a "commercial entity" as an entity with an "office or other place of business" in Utah. Here, Plaintiffs have submitted About, Inc.'s Application for Authority to Conduct Affairs (the "Application"), reflecting that About, Inc. has its principal office in New York and a registered agent in Utah (whose address does not match the one alleged in the FAC as belonging to DDM). Opp. Ex. A. Plaintiffs have offered no grounds for the Court to consider the Application or their assertion, made for the first time in their response, that About, Inc. is "a former name of Defendant." Opp. at 5 n.4. This Court should reject Plaintiffs' attempt to "add a new allegation in a response to a motion to dismiss." *Woolf v. Liberty Mut. Grp., Inc.*, 2015 WL 5456051, at *2 n.3 (D. Utah Sept. 17, 2015), *aff'd sub nom. Woolf v. Wigginton*, 659 F. App'x 526 (10th Cir. 2016); *Abdulina v. Eberl's Temp. Servs., Inc.*, 79 F. Supp. 3d 1201, 1206 (D. Colo. 2015) ("Plaintiff . . . cannot amend her complaint by adding factual allegations in response to Defendant's motion to dismiss.").

Even if the Court could properly consider the Application at this juncture, it does not help Plaintiffs' case. A company's registered agent's office in Utah is not the company's "office or other place of business" under NISNPIA. *Camoras v. Publishers Clearing House, LLC*, 2024 WL 2262786, at *2 (D. Utah May 17, 2024).[2] In *Camoras*, the plaintiff submitted a copy of the defendant's Application for Authority to Transact Business, reflecting that the defendant had its principal place of business in New York and a registered agent in Utah. *Id.* The court found that

---

[2] On October 7, 2024, the *Camoras* case was voluntarily dismissed; thus, Plaintiffs' argument that the cited decision was a non-final order with pending objections is moot. *See* Notice of Voluntary Dismissal, *Camoras*, No. 4:23-cv-00118 (D. Utah Oct. 7, 2024), ECF No. 31.

the defendant's Application would only "make[] clear that it is [d]efendant's registered agent, not [d]efendant, who has a location in Utah." *Id.* As in *Camoras*, the Application submitted here, and the allegation in the FAC that DDM has a registered agent in Utah, do not show that DDM has an office or other place of business in Utah that would render it subject to NISNPIA.

The holding in *Camoras* is supported by sound principles of statutory interpretation under Utah law. In a futile attempt to argue that a registered agent is a proxy for a company's office, Plaintiffs improperly graft provisions of the Business Corporation Act (an entirely different chapter of the Utah Code) into NISNPIA. *See GeoMetWatch Corp. v. Utah State Univ. Rsch. Found.*, 428 P.3d 1064, 1075 (Utah 2018) (rejecting argument that definition from one statute should apply to a different statute in the same chapter in light of indicia that doing so would be inconsistent with legislative intent). Utah courts recognize the canon of *noscitur a sociis*, meaning that "a word is given more precise content by the neighboring words with which it is associated." *Rosser v. Rosser*, 502 P.3d 294, 303 & n.9 (Utah 2021) (citation and quotation marks omitted); *see also Waetzig v. Halliburton Energy Servs., Inc.*, 82 F.4th 918, 922 (10th Cir. 2023) (under *noscitur a sociis*, courts cannot "ascribe to one word a meaning so broad that it is inconsistent with its accompanying words" (citation and quotation marks omitted)). Thus, the term "office" in NISNPIA must be interpreted in a manner consistent with "or *other* place of business," such that a company's "office" must at least be one of *its* "places of business." A registered agent's place of business is not *DDM's* place of business. The Business Corporation Act to which Plaintiffs cite makes clear that the Utah Legislature knew how to draft a statute to apply to all entities with a registered agent in Utah. *See State v. Wilkerson*, 478 P.3d 1048, 1053 (Utah Ct. App. 2020) (stating that if the legislature had intended for a specialized definition to apply to a statute, "we are

3

confident it would have said so more clearly"). The legislators who enacted NISNPIA understood that the Act would apply only to companies domiciled in Utah, as the bill's sponsor explained during floor debate. *See* MTD at 10 n.4.

Plaintiffs' sole allegation, made on "information and belief," that DDM has "one or more office(s) or other place(s) of business in Utah" is a textbook example of a bare legal conclusion—indeed, a mere recitation of a statutory element—that need not be accepted as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action will not do." (citation omitted)). Plaintiffs admit that they lack any information to suggest that DDM in fact has any office or place of business in Utah; they call that "an open question . . . that ultimately will be answered through discovery." Opp. at 7. But after *Twombly* and *Iqbal*, the fundamental question of whether a statute even applies cannot be kicked down the road; at the pleading stage, *facts* must be pleaded. In this regard, whether DDM has an employee working in Utah or not is irrelevant to the analysis. *See C.R. Bard, Inc. v. Smiths Med. ASD, Inc.,* 2020 WL 6710425, at *12 (D. Utah Nov. 16, 2020) (employees conducting business from Utah do not establish "a place of business in the state"); *see also Medallia Inc. v. Echospan, Inc.,* 2023 WL 5352312, at *6 (M.D. Fla. Aug. 21, 2023) ("While EchoSpan may benefit from its employees being happy to live in Florida, that is insufficient to support a conclusion that EchoSpan has ratified the employees' homes as places of business of its own.").

As Plaintiffs have not alleged facts to plausibly show that DDM has an office or other place of business in Utah, the FAC should be dismissed on this ground alone.

### B. Plaintiffs' Vague Disclosure Allegations Do Not Plausibly Support A Claim.

Plaintiffs' allegation that DDM disclosed their private information to various entities amounts to nothing more than an insufficient "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Though Plaintiffs claim that they "detail[ed]" to whom DDM disclosed their information, that "detail" is merely a list of unspecified categories of entities as broad as "organizations soliciting monetary contributions, volunteer work, and votes" and even "other consumer-facing companies." Opp. at 8-9; FAC ¶¶ 100, 103, 105. Plaintiffs again admit that they plan to use this litigation to search for facts that might support their claims—including to whom their information was disclosed, what information was disclosed, and when such disclosures were made—but the Court should not permit Plaintiffs to burden DDM with discovery unless they first allege facts that plausibly support their claim. *See Twombly*, 550 U.S. at 558-60.

Plaintiffs argue that merely including screenshots of "datacards" from a third-party website in the FAC is sufficient to state a claim. But those screenshots do not plausibly show that DDM shared *anyone*'s information with the third party, much less *Plaintiffs'* information; that the third party actually has Plaintiffs' information; or that the third party disclosed Plaintiffs' information. *See Nashel v. N.Y. Times Co.*, 2022 WL 6775657, at *4 (E.D. Mich. Oct. 11, 2022); *Wheaton v. Apple Inc.*, 2019 WL 5536214, at *4-5 (N.D. Cal. Oct. 25, 2019). Absent any such facts showing a disclosure, "[Plaintiffs'] complaint simply cannot cross the line from a merely possible claim . . . to a plausible one." *Warnick v. Cooley*, 895 F.3d 746, 753 (10th Cir. 2018) (citation omitted). The FAC must be dismissed for failure to state a claim.

### C. Plaintiffs' Claims Are Barred By The Applicable Statute Of Limitations.

Plaintiffs concede that they lack any information or basis to believe that their private information was disclosed within the limitations period. *See* Opp. at 15. Accordingly, their vague and conclusory assertion that disclosures occurred within the limitations period need not be accepted as true and is insufficient to put DDM on notice of the purported disclosures at issue. *See Robinson v. Morgan Stanley*, 2008 WL 4874459, at *5 (N.D. Ill. June 18, 2008).

Furthermore, Plaintiffs' argument that the statute of limitations for a NISNPIA claim is three years rather than one year is off-base. In *In re Castletons, Inc.*, the Tenth Circuit held that Utah's one-year limitations period for penalty statutes applies where "the law exacts the payment of [a sum of money] by way of punishment for doing some act which is prohibited, or omitting to do some act which is required to be done," and that the statute at issue was a penalty statute because it imposed strict liability in an amount unrelated to the amount of loss. 990 F.2d 551, 556-58 (10th Cir. 1993) (citation and quotation marks omitted). That is precisely the case with NISNPIA. Plaintiffs' attempt to distinguish *Castletons* rests on a blatant mischaracterization of *Roberts v. C.R. England*, 318 F.R.D. 457 (D. Utah 2017). Contrary to Plaintiffs' assertion, *Roberts* did *not* hold that *Castletons* applies only in the specific context of the statute at issue (Opp. at 13 n.9); it held that "the *Castleton* decision is unhelpful because the Tenth Circuit expressly concluded that the statute in that case was not intended to compensate," whereas the statute at issue in *Roberts* was intended to both penalize and compensate. 318 F.R.D. at 502. Here, as in *Castletons* but not *Roberts*, NISNPIA, with its statutory damages provision, is purely a penalty statute. *See* Utah Code § 13-37-203(2)(a). Thus, the applicable limitations period is one year—but either way, the FAC's allegations are insufficient.

6

## II. The FAC Must Be Dismissed For Lack Of Subject Matter Jurisdiction.

Binding Supreme Court and Tenth Circuit precedent confirm that Plaintiffs have failed to allege a concrete injury-in-fact sufficient for Article III standing, and that NISNPIA's class-action bar applies in federal court and thus forecloses CAFA jurisdiction.

### A. Plaintiffs Fail To Allege A Cognizable Injury-in-Fact.

Plaintiffs acknowledge that disclosure of their information without NISNPIA's required notice would constitute a concrete injury sufficient for Article III standing only if it "has a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts."[3] *TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021). Plaintiffs analogize NISNPIA to the torts of public disclosure of private information and intrusion upon seclusion, but the harms recognized by those torts are distinct from the "*fail[ure] to inform*" about potential disclosure, which, as Plaintiffs concede in their opposition, is "the crux of this lawsuit." (Opp. at 14.)

First, Plaintiffs rely on *Curry v. Mrs. Fields Gifts* for their analogy to public disclosure of private information, but DDM respectfully submits that non-binding decision misapplied binding Tenth Circuit law. 2024 WL 3794487 (D. Utah Aug. 13, 2024) ("*Curry II*"). *Curry II* did not take into account the public disclosure tort's requirement that information be "conveyed 'to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge'"—as recognized by the Tenth Circuit and well-established under Utah law. *Shields v. Pro. Bureau of Collections of Md., Inc.*, 55 F.4th 823, 828 (10th Cir. 2022) (quoting Restatement (Second) of Torts § 652D); *see also Shattuck-Owen v. Snowbird Corp.*, 16 P.3d 555,

---

[3] Plaintiffs argue in a footnote that receipt of junk mail is a tangible harm sufficient for standing, but they do not address any of the cases cited by DDM expressly holding otherwise, including the Tenth Circuit's decision in *Shields*. *See* MTD at 16 & n.7.

558 (Utah 2000). Plaintiffs' allegations regarding the purported disclosure of their information to unidentified third-party companies, in a business-to-business, commercial relationship, fall well short of pleading such widespread publicity. *See Nienaber v. Overlake Hosp. Med. Ctr.*, --- F. Supp. 3d ---, 2024 WL 2133709, at *10 (W.D. Wash. May 13, 2024) (plaintiff's "conclusory allegation" that a third party to which her information was disclosed sells that information was insufficient to establish publicity). Further, Plaintiffs fail to address DDM's argument that disclosure of information about purchasing patterns to a third party is not highly offensive and objectionable, as required for the tort of public disclosure of private facts. *See Shattuck-Owen*, 16 P.3d at 558 (tort requires "private facts" the public disclosure of which "would be highly offensive and objectionable to a reasonable person"); MTD at 27.

Second, with respect to the tort of intrusion upon seclusion, Plaintiffs ignore that the tort only addresses the harms associated with "unauthorized invasion into the private realm," and "does not encompass use of private information," which is exactly what Plaintiffs allege here. *Hatfield v. Cottages on 78th Cmty. Ass'n*, 2021 WL 778604, at *8 (D. Utah Mar. 1, 2021), *aff'd*, 2022 WL 2452379 (10th Cir. July 6, 2022); *see also Jensen v. Sawyers*, 130 P.3d 325, 338 (Utah 2005). The example Plaintiffs provide of opening someone's private mail is plainly different from the alleged injury here when Plaintiffs themselves provided their information to DDM by subscribing to its publications. That is not an intrusion upon seclusion.

Absent any viable common-law analog, Plaintiffs are left only with allegations of a bare statutory violation, which is categorically insufficient to establish Article III standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). *TransUnion*, mischaracterized by Plaintiffs, actually demonstrates the lack of concrete injury here. There, the Supreme Court held that the disclosure

8

of *misleading* information about the plaintiffs was sufficient to establish standing because the resulting harm was akin to the reputational harm associated with defamation. *See TransUnion*, 594 U.S. at 432. But here Plaintiffs do not allege that DDM disseminated any misleading information, nor that their reputations were harmed in any way. Instead, they only allege that they did not receive the notice required by NISNPIA. That is not a concrete injury-in-fact and it does not establish standing.

### B. This Case Cannot Be Brought As A Class Action Under NISNPIA.

There is no dispute that NISNPIA expressly prohibits class actions. *See* Utah Code § 13-37-203(3). Plaintiffs nonetheless argue that they are not subject to that prohibition in federal court, relying heavily on the non-binding decision in *Curry v. Mrs. Fields Gifts, Inc.*, 2023 WL 6318108 (D. Utah Sept. 28, 2023). That decision misapplied Justice Stevens' concurrence in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 419 (2010), and is an outlier among federal courts, which have repeatedly held that class-action prohibitions in state consumer-protection statutes are substantive and apply in federal court. *See In re Target Corp. Data Sec. Breach Litig.*, 66 F. Supp. 3d 1154, 1165 (D. Minn. 2014) (citing cases); *Fullmer v. A-1 Collection Agency, LLC*, 2022 WL 1538675, at *4 & n.59 (D. Utah May 16, 2022) (holding Utah Consumer Sale Practices Act's class-action limitation was substantive and applied in federal court).

*Shady Grove* instructs that the dispositive question for whether a state law applies in federal court is "whether the state law actually is part of a State's framework of substantive rights or remedies." *Shady Grove*, 559 U.S. at 419 (Stevens, J., concurring in part). Thus, "[a] federal rule . . . cannot govern a particular case in which the rule would displace a state law that is procedural in the ordinary use of the term but is so intertwined with a state right or remedy that it functions to

9

define the scope of the state-created right." *Id.* at 423. *Curry* reduced this nuanced approach to an ironclad rule that a class-action provision must "be truly inseparable from the substantive rights and remedies" in order to apply in federal court, and therefore held that because NISNPIA's class-action bar could be "surgical[ly] remov[ed]" from the statute while leaving its rights and remedies intact, the bar must yield to Rule 23. *Curry*, 2023 WL 6318108, at *6. Under this standard, it is hard to see how a state class-action bar could ever apply in federal court.

*Curry* was wrongly decided. A class-action prohibition need not be "inseparable" from a statute's substantive rights and remedies in order to be "part of" the substantive framework, which is all that is required under *Shady Grove* for application of the prohibition. Here, the class-action bar forms part of NISNPIA's framework of substantive rights because it helps "define the scope of the state-created right" granted under the statute. *Shady Grove*, 559 U.S. at 423 (Stevens, J., concurring in part). It is apparent that the NISNPIA statutory scheme was carefully calibrated—from the limitation to Utah-domiciled companies, to the statutory-damages provision, to the class-action bar—to provide a strong compliance incentive without the threat of potentially crippling liability that could force settlements without regard to the merits. That balance should not be at the mercy of Plaintiffs' choice of forum.

For this reason, if the Court rules that Rule 23 would otherwise apply, the Court should decline jurisdiction as a prudential matter of federalism and comity and thereby reject Plaintiffs' attempt to thwart the Utah Legislature's intent to bar NISNPIA class actions. Absent the class allegations, there is no basis for federal subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the FAC should be dismissed in its entirety.

Dated: November 1, 2024					Respectfully submitted,

/s/ *Kristen C. Rodriguez*

Kristen C. Rodriguez (Admitted Pro Hac Vice)
Rebecca Hughes Parker (Admitted Pro Hac Vice)
**Dentons US LLP**
1221 Avenue of the Americas
New York, NY 10020
Tel.: (212) 768-6700
Fax: (212) 768-6800
kristen.rodriguez@dentons.com
rebeccahughes.parker@dentons.com

J. Mark Gibb (5702)
**Dentons Durham Jones Pinegar, PC**
111 South Main Street, Suite 2400
Salt Lake City, Utah 84111
Tel.: (801) 415-3000
Fax: (801) 415-3500
mark.gibb@dentons.com

*Attorneys for Dotdash Meredith Inc. f/k/a Dotdash Media Inc.*

## CERTIFICATE OF SERVICE

    I, Kristen C. Rodriguez, hereby certify that on November 1, 2024, a true and correct copy of the foregoing document was served on all counsel of record who have consented to electronic service via the Court's CM/ECF system.

By:    /s/ *Kristen C. Rodriguez*

Kristen C. Rodriguez
