Frank S. Hedin (*Pro Hac Vice*)
**HEDIN LLP**
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Telephone:    (305) 357-2107
Facsimile:    (305) 200-8801
E-Mail:       fhedin@hedinllp.com

DAVID W. SCOFIELD – 4140
**PETERS | SCOFIELD**
*A Professional Corporation*
7430 Creek Road, Suite 303
Sandy, Utah 84093-6160
Telephone:    (801) 322-2002
Facsimile:    (801) 912-0320
E-Mail:       dws@psplawyers.com

*Attorneys for Plaintiffs and Putative Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| NOVELLA ATWOOD; CHRISTINE CID; CHERALEE ENGLAND; KATHLEEN GAGON; KRISTEN PUERTAS; JANICE RANDALL; and SARAH TYCHSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DOTDASH MEREDITH,<br><br>Defendant. | **PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br><br>Case No. 1:24-cv-00046-AMA-PK<br><br>District Judge Tena Campbell<br>Magistrate Judge Daphne A. Oberg |

Pursuant to DUCivR 7-1(c), Plaintiffs Novella Atwood, Christine Cid, Cheralee England, Kathleen Gagnon, Kristen Puertas, Janice Randall, and Sarah Tychsen submit this Notice of Supplemental Authority regarding a recent decision of relevance to issues raised by Defendant in its pending motion to dismiss (ECF No. 22).

**Supplemental Authority**: *Arnstein et. al. v. Sundance Holdings Group, L.L.C.*, 2:24-cv-0344-RJS-DAO, ECF No. 36) 2024 U.S. Dist. LEXIS 215328 *; 2024 WL 4882857 (D. Utah Nov. 25, 2025) (unpublished), copy appended hereto.

**Relevance of Supplemental Authority**: In *Arnstein*, a putative class action in which the plaintiffs alleged violation of same statute at issue in this case (Utah's Notice of Intent to Sell Nonpublic Personal Information Act ("NISNPIA"), Utah Code Ann. § 13-37-101, *et seq.*), based on facts materially identical to the facts alleged by the Plaintiffs in this case (*compare Atwood*, ECF No. 18 *with Arnstein*, ECF No. 12), the defendant there, like the Defendant here, moved to dismiss the case for failure to allege a disclosure of private facts in violation of the NISNPIA statute and lack of subject matter jurisdiction because of NISNPIA's class action bar. (*compare Atwood*, ECF No. 22 at 17-21 *with Arnstein*, ECF No. 23 at 20-21; 28-31). In denying the defendant's motion to dismiss for failure to state a claim and lack of subject matter jurisdiction in *Arnstein*, the court considered and rejected all of the same arguments raised by Defendant in its pending motion to dismiss for failure to state a claim and lack of subject matter jurisdiction in this case. *Compare Arnstein*, ECF No. 36 at 17-19; 5-17 *with Atwood*, ECF No. 22 at 17-20; 28-31. The decision in *Arnstein* is thus factually and legally apposite to the pleading sufficiency and subject matter jurisdiction issues presently before the Court in this case.

Dated: December 18, 2024                          Respectfully submitted,

**PETERS | SCOFIELD**
*A Professional Corporation*
/s/ David W. Scofield
DAVID W. SCOFIELD

-and-

**HEDIN LLP**
Frank S. Hedin (*Pro Hac Vice*)
*Attorneys for Plaintiffs and Putative Class*