Kristen C. Rodriguez (Admitted Pro Hac Vice)
Rebecca Hughes Parker (Admitted Pro Hac Vice)
**Dentons US LLP**
1221 Avenue of the Americas
New York, NY 10020
Tel.: (212) 768-6700
Fax: (212) 768-6800
kristen.rodriguez@dentons.com
rebeccahughes.parker@dentons.com

J. Mark Gibb (5702)
**Dentons Durham Jones Pinegar, PC**
111 South Main Street, Suite 2400
Salt Lake City, Utah 84111
Tel.: (801) 415-3000
Fax: (801) 415-3500
mark.gibb@dentons.com

*Attorneys for Dotdash Meredith, Inc. f/k/a Dotdash Media, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| NOVELLA ATWOOD; CHRISTINE CID; CHERALEE ENGLAND; KATHLEEN GAGON; KRISTEN PUERTAS; JANICE RANDALL; and SARAH TYCHSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DOTDASH MEREDITH INC. f/k/a DOTDASH MEDIA INC.,<br><br>Defendant. | **DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Case No. 1:24-cv-00046-TC-DAO<br><br>Judge Tena Campbell |

Contrary to Plaintiffs' representation in their Notice of Supplemental Authority regarding *Arnstein v. Sundance Holdings Group, LLC*, 2024 WL 4882857 (D. Utah Nov. 25, 2024) that "the court considered and rejected all of the same arguments" raised in DDM's pending Motion to Dismiss ("MTD") in this case, *Arnstein* addressed only two of the many issues raised in DDM's MTD. Most notably, the complaint in that case, unlike here, alleged that the defendant "maintains its headquarters and principal place of business" in Salt Lake City, Utah. *Compare* Am. Compl. ¶ 63, *Arnstein*, 2:24-cv-0344-RJS-DAO (D. Utah June 5, 2024), ECF No. 12 *with* FAC ¶ 46 (alleging upon information and belief that "Meredith has one or more office(s) or other place(s) of business in Utah"). The plaintiffs in *Arnstein* also alleged that the defendant completed their orders by shipping products from a location in Utah, as the court noted twice. *See Arnstein*, 2024 WL 4882857, at *1, 9. No such allegation is made here. Thus, the defendant in *Arnstein*, unlike DDM, undisputedly has an "office or other place of business" in Utah such that it is a "commercial entity" subject to NISNPIA. *See* MTD at 6–10; Reply at 2–4.

In addition, the defendant in *Arnstein* did not raise—and the court did not address— whether the plaintiffs had established a cognizable injury traceable to DDM sufficient for Article III standing. *See* MTD at 15–21; Reply at 7–9. Nor were arguments regarding the statute of limitations, comity, or federalism raised or addressed in *Arnstein*. *See* MTD at 13–14, 24–25; Reply at 6, 10. Accordingly, the decision in *Arnstein* has no effect on these arguments raised in DDM's MTD, and the FAC should be dismissed.

Moreover, the Court should not follow the non-binding holdings on the issues that were addressed in *Arnstein*. First, *Arnstein* erroneously found that Rule 23, rather than NISNPIA's class action bar, governed such that the plaintiffs could bring a NISNPIA class action in federal court.

1

Despite recognizing that § 13-37-203(1) and (2) "creat[e] the rights, duties, and remedies" of NISNPIA, the court found that the class action bar of § 203(3) "stands alone" from any substantive component of the statute because § 203(1) and (2) do not reference it. *Arnstein*, 2024 WL 4882857, at *6. But the class action bar need not be referenced by a remedy provision in order to define the scope of that remedy—particular when the two provisions are subsections of the same "Liability" section. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 420 (2010) (state law controls when it "defin[es] the scope of substantive rights or remedies"). The error in *Arnstein* is thus essentially the same as that in *Curry v. Mrs. Fields Gifts, Inc.*, 2023 WL 6318108 (D. Utah Sept. 28, 2023): both courts concluded that Rule 23 applied because § 203(3) could be separated from NISNPIA without removing a right or remedy, but that does not address the pertinent question of *Shady Grove*, which is "whether the state law actually is *part of* a State's framework of substantive rights or remedies." *Shady Grove*, 559 U.S. at 419 (emphasis added). The class action bar is part of NISNPIA's substantive framework by limiting the scope of its remedy and therefore must be applied under the Rules Enabling Act. Without the class allegations, there is no federal subject matter jurisdiction, and this case must be dismissed.

In addition, DDM respectfully disagrees with *Arnstein*'s conclusion that generic allegations—devoid of any facts about *what* nonpublic information was disclosed about *which* plaintiff to *which* third party or *when* such information was disclosed—are sufficient to meet the pleading standard. Binding precedent makes clear that such an "unadorned, the-defendant-unlawfully-harmed-me accusation" is not enough to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). Accordingly, the FAC must also be dismissed under Rule 12(b)(6).

Dated: December 24, 2024  Respectfully submitted,

/s/ *Kristen C. Rodriguez*

Kristen C. Rodriguez (Admitted Pro Hac Vice)
Rebecca Hughes Parker (Admitted Pro Hac Vice)
**Dentons US LLP**
1221 Avenue of the Americas
New York, NY 10020
Tel.: (212) 768-6700
Fax: (212) 768-6800
kristen.rodriguez@dentons.com
rebeccahughes.parker@dentons.com

J. Mark Gibb (5702)
**Dentons Durham Jones Pinegar, PC**
111 South Main Street, Suite 2400
Salt Lake City, Utah 84111
Tel.: (801) 415-3000
Fax: (801) 415-3500
mark.gibb@dentons.com

*Attorneys for Dotdash Meredith Inc. f/k/a Dotdash Media Inc.*

## CERTIFICATE OF SERVICE

I, Kristen C. Rodriguez, hereby certify that on December 24, 2024, a true and correct copy of the foregoing document was served on all counsel of record who have consented to electronic service via the Court's CM/ECF system.

By: /s/ *Kristen C. Rodriguez*

Kristen C. Rodriguez

US_ACTIVE\128691756